UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHIDI CHRISTIAN NWACHUKWU,

    Petitioner,

v.

Case No. 10-11163
HONORABLE PATRICK J. DUGGAN

ASSISTANT CHIEF COUNSEL,
DHS-ICE,

    Respondent,

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE MOTIONS FOR STAY OF DEPORTATION AND RELEASE FROM CUSTODY**

Petitioner Chidi Christian Nwachukwu ("Petitioner"), presently confined at the Chippewa County Jail in Sault Ste. Marie, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, Petitioner challenges his conviction in the Circuit Court for Wayne County, Michigan for first-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520b(1)(B), as well as an Immigration Judge's order denying Petitioner's request for asylum and ordering his deportation from the United States. Petitioner also has filed a motion to stay deportation and motion for release from custody. For the reasons set forth herein, the Court denies without prejudice Petitioner's requested relief.

On May 8, 2007, Petitioner pleaded *nolo contendere* to one count of first-degree

1

criminal sexual conduct in the Circuit Court for Wayne County, Michigan. He was sentenced to two to twenty years in prison on May 25, 2007. Petitioner thereafter filed a direct appeal; however, he subsequently moved to withdraw the appeal based on his appellate counsel's advice and to have his appellate counsel withdrawn. On March 31, 2008, Circuit Court Judge Edward Ewell signed an order granting the motion. (Doc. 1 at 30.) There is no indication that Petitioner otherwise appealed his conviction and/or sentence in the state courts.

On January 27, 2010, Immigration Judge Elizabeth Hacker ("IJ") entered an order denying Petitioner's request for asylum and ordering Petitioner removed from the United States to Nigeria. Petitioner apparently has sought review of the removal decision with the Board of Immigration Appeals (BIA).

On March 23, 2010, Petitioner filed this habeas corpus proceeding pursuant to § 2254, in which he challenges his conviction for first-degree criminal sexual conduct and the IJ's decision. The petition is subject to dismissal for several reasons. First, to the extent Petitioner challenges his first-degree criminal sexual conduct conviction, his petition must be dismissed for failure to exhaust his state court remedies. Second, to the extent Petitioner challenges the IJ's order, this Court lacks subject matter jurisdiction to review that decision.

Petitioner's application for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Pursuant to the AEDPA, "[a] federal court may not grant a writ of habeas corpus unless the applicant has

exhausted all available remedies in state court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(1)(A)). This means that an applicant must have "fairly presented" the issues asserted in his petition to the state court of appeals and the state supreme court. *Id*. "[A] federal court cannot grant habeas relief if there still is a potential state remedy for the state courts to consider." *Id*. (citing 28 U.S.C. § 2254(b)(1)(B)). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock*, 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

Petitioner fails to allege or indicate that he has exhausted his state court remedies. Indeed, Petitioner acknowledges that he dismissed his direct appeal on the advice of his appellate counsel. There appears to be a remedy available for Petitioner to exhaust his claims– the filing of a post-conviction motion for relief from judgment under the Michigan Court Rules. Petitioner can exhaust any claims by filing a motion for relief from judgment pursuant to Michigan Court Rule 6.502 in the Wayne County Circuit Court. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. MCR 6.509; MCR 7.203; MCR. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

In summary, Petitioner's claims challenging the constitutionality of his criminal conviction are unexhausted and therefore must be dismissed.

As indicated earlier, this Court lacks subject matter jurisdiction to the extent Petitioner challenges the IJ's deportation order. The Real ID Act of 2005 limits the

3

ability of district courts to review removal orders in immigration cases by providing that:

> Notwithstanding any other provision of law (statutory or non-statutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 [pertaining to district court jurisdiction over mandamus actions] and 1651 [pertaining to the authority of federal courts to issue writs] of such title, a petition for review filed with an appropriate court of appeals in accordance with this section *shall be the sole and exclusive means for judicial review* of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section [pertaining to review of expedited removal orders].

8 U.S.C. § 1252(a)(5) (emphasis added). This provision eliminates a petition for writ of habeas corpus as a means for federal district court review of a removal order. *See Muka v. Baker,* 559 F. 3d 480, 483 (6th Cir. 2009); *Jaber v. Gonzales*, 486 F. 3d 223, 230 (6th Cir. 2007). Therefore, under the terms of the REAL ID Act of 2005, a district court is expressly precluded from considering a petition for writ of habeas corpus that challenges a removal order in an immigration case. *Muka,* 559 F. 3d at 484 (internal citations omitted).

Section 1252 also bars this Court from considering Petitioner's motion for a stay of the removal order. Subsection (g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders.*" 8 U.S.C. § 1252(g) (emphasis added); *see also Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 119 S. Ct. 936 (1999) (finding that § 1252(g) bars judicial review of three discrete actions the Attorney General may take– the "decision or action" to "*commence* proceedings, *adjudicate* cases, or *execute* removal orders."). This Court

4

therefore may not enter an order staying the execution of the Attorney General's removal orders.  *See Dedvukaj v. Holder*, No. 2010 WL 330372, * 2 (E.D. Mich. January 21, 2010) (*citing Ginters v. Cangemi*, 419 F. Supp. 2d 1124, 1131 (D. Minn. 2006); *Nwankoso v. Dep't of Homeland Security*, No. 2006 WL 212368, at *1 (N.D.N.Y. January 25, 2006)).

At this time, the Court is required to make a determination as to whether a certificate of appealability should issue.  *See* Rule 11 of the Rules Governing § 2254 Cases; 28 U.S.C. § 2253.  Section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253.  However, when a petition is denied on procedural grounds, a somewhat different standard applies.  *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604.  In such cases, a certificate of appealability shall issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.  The Court does not believe that jurists of reason would finds its procedural rulings debatable or wrong and therefore declines to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED**, that the Petition for Writ of Habeas Corpus and Petitioner's motions for stay and release are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

DATE: March 31, 2010                                    s/PATRICK J. DUGGAN

UNITED STATES DISTRICT JUDGE

Copy to:
Chidi Christian Nwachukwu
#647767 (INS #A 095 457 696)
Chippewa County Jail
325 Court Street
Sault Ste. Marie, MI 49783